[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14483

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAHMOUD ALDISSI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:14-cr-00217-VMC-TGW-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Mahmoud Aldissi, *pro se*, appeals the district court's denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A). The district court denied Aldissi's motion because he failed to establish "extraordinary and compelling reasons" supporting his release.[1] Aldissi asserts that his age and his blood disorder, Thalassemia, increase the chance that he will suffer severe symptoms if he contracts COVID-19. Accordingly, Aldissi contends that his age and medical disorder together constitute a physical condition that diminishes his ability to provide self-care in prison and that he is therefore eligible for a sentence reduction.[2]

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under 18 U.S.C. § 3582(c). *United States v. Jones*, 962 F.3d 1290, 1297 (11th

---

[1] The district court also concluded that Aldissi failed to exhaust his administrative remedies. Because the government concedes that Aldissi satisfied § 3582(c)(1)(A)'s exhaustion requirement, we do not address it. Br. of Appellee at 7. This exhaustion requirement is not jurisdictional, and we will address the merits of a prisoner's claim if the government does not assert that he failed to exhaust his administrative remedies. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

[2] We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Harris*, 989 F.3d at 911.

Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).  Section 3582(c) pro-vides, in relevant part, that

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defend-ant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facil-ity, whichever is earlier, may reduce the term of im-prisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applica-ble, if it finds that . . . *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy state-ments issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary con-ditions are satisfied: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy state-ment."  *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam).  The absence of any one condition forecloses a sentence reduction, and a district court needn't address the three conditions in any particular sequence.  *Id.* at 1237.

The "policy statement" applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 states that ex-traordinary and compelling reasons exist under any of the

circumstances listed therein, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community. As relevant here, the commentary lists a prisoner's medical condition as a possible extraordinary and compelling reason warranting a sentence reduction if he (1) has a terminal disease; or (2) is suffering from a physical or medical condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13.

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners; accordingly, a district court cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. We recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release when the prisoner's medical conditions did not meet the criteria of § 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Here, the district court acted within its discretion in finding that Aldissi's Thalassemia did not constitute an extraordinary and compelling reason for his release because Aldissi failed to show that his condition impairs his ability to care for himself while in prison. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1249–50; *Giron*, 15 F.4th at 1346–47.

The potential that Aldissi may develop severe symptoms of COVID-19 is too speculative to justify modifying his sentence

under § 1B1.13.  Section 1B1.13 offers relief only to inmates who *are* suffering from a physical or mental condition that diminishes their ability to provide self-care in prison; Aldissi sought relief based only on speculation that he *may* contract COVID-19 and, if he does, that he *may* suffer severe symptoms.  *See* U.S.S.G. § 1B1.13. Aldissi does not allege that he currently has or has ever had COVID-19, and his undisputed vaccination against the virus reduces his risk both of contracting it and of suffering severe symptoms if he contracts it.  Accordingly, he has not shown that he is eligible for relief because he is not currently, nor was he when he filed his motion in the district court, suffering from a physical or medical condition that diminishes his ability to provide self-care and from which he is not expected to recover.  We hold that the district court did not abuse its discretion in concluding that Aldissi failed to present extraordinary and compelling reasons for his release.

AFFIRMED.